J-S44008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MICHAEL LEONARDI | : | |
| | : | |
| Appellant | : | No. 912 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 10, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000136-2022

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY OLSON, J.:               **FILED SEPTEMBER 8, 2025**

This case returns to us pursuant to an order filed by our Supreme Court on June 24, 2025.[1]  In its order, the Supreme Court vacated our prior disposition in this matter entered on January 31, 2024 and remanded this case for reconsideration in light of **Commonwealth v. Shifflett**, 335 A.3d 1158 (Pa. 2025).  In **Shifflett**, the Supreme Court held "that 75 Pa.C.S.A. § 3806(a) [was] facially unconstitutional to the extent it allows a previous acceptance of [Accelerated Rehabilitative Disposition (ARD)] to be used as the basis for an enhanced sentence under [75 Pa.C.S.A. § 3804.]"  **Shifflett**, 335 A.3d at 1178.  Because acceptance of ARD may no longer be used as a basis to impose

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The facts of this matter may be reviewed in our prior memorandum.  **See Commonwealth v. Leonardi**, 313 A.3d 212 (Pa. Super. 2024) (non-precedential decision).

an enhanced sentence under Section 3804, we are constrained to vacate the unlawful judgment of sentence imposed by the trial court and to remand this matter for resentencing in accordance with the Supreme Court's recent opinion in **Shifflett**.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/8/2025